# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Lawrence Martin** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:11CR00527-001JB** |
| | USM Number: **61036-051** |
| | Defense Attorney: **John Butcher, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 1112 | Involuntary Manslaughter; Crime in Indian Country, 18 U.S.C. Sec. 1153 | 05/15/2006 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**November 18, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**February 23, 2012**
Date Signed

Defendant: **Lawrence Martin**
Case Number: **1:11CR00527-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **24 months**.

On March 9, 2011, a federal grand jury indicted L. Martin on one count of violating 18 U.S.C. §§ 1153 and 1112, that being involuntary manslaughter. See Indictment, filed March 9, 2011 (Doc. 2). On June 10, 2011, L. Martin pled guilty to the Indictment. See Plea Agreement ¶ 3, at 2, filed June 10, 2011 (Doc. 27). The parties stipulated to a 3-level reduction in L. Martin`s offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. See Plea Agreement ¶ 10(a), at 4. Plaintiff United States of America agreed that it would seek a sentence no greater than the low end of the guideline range as the Court calculates it. See Plea Agreement ¶ 10(c), at 5.

On August 16, 2011, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for L. Martin. The USPO calculates L. Martin`s base offense level at 22, pursuant to U.S.S.G. § 2A1.4(a)(2)(B). See PSR ¶ 18, at 7. The PSR then applies a 3-level adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1 and the Plea Agreement. See PSR ¶ 24, at 8. L. Martin`s total offense level is 19. See PSR ¶ 25, at 8. L. Martin has a criminal history category of II, based on 2 criminal history points. See PSR ¶ 31, at 10. A total offense level of 19 and a criminal history category of II establish a guideline imprisonment range of 33 to 41 months. See PSR ¶ 60, at 17.

The Court will accept the Plea Agreement. The Court has reviewed the PSR`s factual findings with care, and, there not being objections as to those, the Court will adopt them as its own. The Court has also reviewed the PSR`s guideline calculations and will adopt them. The Court has considered the factors set forth in 18 U.S.C. § 3553(a). The total offense level is 19 and the criminal history category is II, which establishes a guideline imprisonment range of 33 to 41 months.

L. Martin asks the Court to depart and/or vary downward to a sentence of community confinement or, alternatively, to serve a split sentence of 12 months and a day between the Bureau of Prisons and a halfway house or home confinement. The United States requests a sentence at the low end of the guideline imprisonment range, consistent with the Plea Agreement. The Court notes that L. Martin, while in Indian Country, was the driver of a vehicle involved in a roll-over that resulted in the death of Urias Martin, L. Martin`s brother. The Court also notes that L. Martin was under the influence of alcohol at the time of the accident. After spending considerable time reviewing the 18 U.S.C. § 3553(a) factors, the Court believes that some weigh heavily in favor of a guideline sentence, while others point towards a variance. The Court will first address the circumstances which weigh in favor of a below guidelines sentence. The Court recognizes that it was a family member who died as a result of L. Martin`s offense, and that L. Martin and the rest of his family suffered. The family is not requesting a heavy sentence or restitution, and the Court has received many letters which suggest that the family does not wish L. Martin be incarcerated. The Court is also impressed with L. Martin`s progress and rehabilitation. While the Court does not believe that his efforts were so extraordinary as to warrant a departure, the Court believes that L. Martin`s efforts to deal with his mental health issues and alcoholism are a factor that the Court can consider for a variance. A number of other factors point towards a guidelines sentence. The Court is troubled that, despite a several arrests and convictions, L. Martin has continued to have interactions with law enforcement and that he has faced no significant consequences in the criminal justice system. Furthermore, this offense is L. Martin`s second DWI, and this crime is a very serious offense. The Court believes that the 18 U.S.C. § 3553(a) factors of promoting respect for the law, affording adequate deterrence -- both specific and general, and protecting the public all counsel in favor of a guidelines sentence. The Court is especially concerned about promoting respect for the law, and the Court does not believe that a sentence of home confinement or a split sentence will adequately reflect that factor. Additionally, L. Martin stopped drinking alcohol only a year ago, which is not a considerable amount of time, and the Court views his sobriety as largely the result of the federal prosecution. The Court believes that fortuitous circumstance have given L. Martin a significant amount of time to address his problems, because it is now five and a half years after the offense conduct, and the Court does not believe that L. Martin has made enough progress to justify the sentence he requests. Many people have alcohol or drug dependencies, but the Court weighs heavily the fact that L. Martin chose to drink and drive.

After careful consideration of all the factors, the Court believes that it should vary downward 3 offense levels to a sentence of 24-months imprisonment, which reflects the seriousness of the offense and promotes respect for the law. The Court believes that a L. Martin`s post-offense rehabilitation, the loss of a family member, and the mental health issues that he suffered as a result of childhood abuse justify this variance. A 3-level variance establishes a total offense level of 16 and a guideline imprisonment range of 24- to 30-months imprisonment. The Court believes that a 24-month sentence provides a more just punishment, because it

takes account of the progress L. Martin has made and his own loss, while recognizing the seriousness of the offense. The Court would not be justified in varying any further. The Court believes that there is still a need for specific deterrence, because none of L. Martin`s previous convictions have resulted in incarceration and because this is his second DWI; this sentence will provide specific deterrence, because it the lengthiest sentence he has to date received. A sentence of 24-months imprisonment will also deter others from committing this offense and protect the general public from both L. Martin and others who may be tempted to drink and drive. The Court believes that this sentence will avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, because, but for the significant time that it took to prosecute this offense, the Court does not believe that L. Martin would have achieved the rehabilitation that weighs heavily with the Court. This sentence, with the conditions of supervised release that the Court will impose, will also provide L. Martin with some needed education, training, and care to avoid a reoccurrence of this offense. The Court will imposes a period of 2-years of supervised release.

The Court concludes that a sentence 24-months imprisonment fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court"s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences L. Martin to 24-months imprisonment and 2-years of supervised release.

☒ The court makes the following recommendations to the Bureau of Prisons:

**Safford Federal Correctional Institution, Safford, Arizona, if eligible**

☐ The defendant is remanded to the custody of the United States Marshal.
☒ The defendant shall surrender to the United States Marshal for this district:
  ☒ at **10:00 a.m.** on **November 23, 2011**
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Lawrence Martin**  
Case Number: **1:11CR00527-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☒ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Lawrence Martin**
Case Number: **1:11CR00527-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

**The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The Defendant must participate in and successfully complete a substance abuse treatment program as recommended by the treatment provider and as approved by the probation officer, which may include drug testing and outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The Defendant must participate in and successfully complete a mental health treatment program as recommended by the treatment provider and as approved by the probation officer, which may include outpatient counseling. The Defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Officer.**

**The Defendant shall not operate a motor vehicle unless lawfully licensed, registered, and insured, and he shall provide verification of such to the probation officer.**

Defendant: **Lawrence Martin**
Case Number: **1:11CR00527-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☒ In full immediately; or
B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Mandatory Victim Restitution Act of 1996 is applicable in this case. Restitution is not recommended at this time, as the victim`s family does not wish to be compensated for any loss or harm as a result of the Defendant`s actions.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.